**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SENECA SPECIALTY INSURANCE** | : | **CIVIL ACTION** |
| **COMPANY** | : | |
| | : | |
| **v.** | : | **No. 19-363** |
| | : | |
| **TOP CLASS CONSTRUCTION, INC.,** | : | |
| *et al.* | : | |

## ORDER-MEMORANDUM

**AND NOW,** this 15th day of April 2019, after reviewing this declaratory judgment action brought by a Delaware/ New York insurance company against an unserved Pennsylvania citizen and a New Jersey citizen who now moves to transfer venue under 28 U.S.C. § 1404(a) (ECF Doc. No. 9), and the Plaintiff's response (ECF Doc. No. 14), it is **ORDERED** the New Jersey citizen's Motion to transfer (ECF Doc. No. 9) is **GRANTED** requiring the Clerk of Court forthwith **transfer** this case to the Clerk of the United States District Court for the District of New Jersey and **close** this case in this District.

### *Analysis*

Delaware and New York citizen Seneca Specialty Insurance Company seeks a declaratory judgment against Top Class Construction, Inc. and All-Tech Carpentry Contractors, LLC. It asks we declare it owes no duty under its insurance policy to defend or indemnify Top Class or All-Tech in an underlying action brought by a condominium association against them in a New Jersey state court. Seneca has not served Pennsylvanian Top Class which All-Tech contends may no longer be in business.

Absent Top Class, we are left with a case brought by a Delaware corporation with its principal place of business in New York against a New Jersey limited liability corporation with no

members who are citizens of Delaware or New York[1] concerning insurance coverage for an ongoing litigation in New Jersey.

All-Tech moves to transfer venue under 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey. Citing *Jumara v. State Farm Ins. Co.*,[2] All-Tech argues we should transfer this action because the underlying action is pending in New Jersey; the site of the alleged construction defect at issue in the underlying action is located in New Jersey; key witnesses, documents, and information are located in New Jersey; All-Tech is a New Jersey limited liability company; the contract between All-Tech and Top Class contains a New Jersey choice of law and forum provision; the only connection to Pennsylvania is a Top Class office located in Pennsylvania but Top Class performed the work at issue in the litigation in New Jersey; and, Top Class "appears to no longer be in business, as it has been completely non-responsive to Seneca's requests for information related to coverage and, to date, has not been served in this action."[3]

Seneca responds it issued the policy on which it seeks a declaration it has no duty to defend or indemnify All-Tech in Pennsylvania. Seneca contends it issued a policy to Top Class, a Pennsylvania corporation with its principal place of business in Philadelphia, in Pennsylvania and the policy includes "applicable state forms" such as "PA Changes," "Pennsylvania Notice," and a "Pennsylvania surplus lines warning." There is no other connection to Pennsylvania.

We may transfer venue under § 1404(a) "[f]or the convenience of parties and witnesses, in the interests of justice" to "any other district or division where it might have been brought …."[4]

---

[1] ECF Doc. No. 3 at ¶¶ 8-9.

[2] 55 F 3d. 873 (3d Cir. 1995).

[3] ECF Doc. No. 9-1 at 1-2.

[4] 28 U.S.C. § 1404(a).

We evaluate venue for each Defendant.[5] So, even if Seneca could serve Top Class, we would still independently evaluate venue for claims against All-Tech.

As the defendant moving for transfer of venue, All-Tech bears the burden of demonstrating "(1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and witnesses; and (3) the proposed transfer will be in the interest of justice."[6] Once All-Tech establishes the action could have been brought in the proposed district – here, the District of New Jersey – we "must weigh several private and public interest factors to determine whether the balance of convenience tips in favor of transfer."[7]

The private factors to determine whether transfer is more convenient for the parties and in the interest of justice include (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) convenience of the parties as indicated by their relative physical and financial condition; (5) convenience of the witnesses – but only to the extent the witnesses may actually be unavailable for trial; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).[8] The public interest factors include (1) enforceability of the judgment; (2) practical considerations to make the trial easy, expeditious, or inexpensive; (3) relative administrative

---

[5] *See Shuman v. Computer Assocs. Int'l, Inc.*, 762 F.Supp. 114, 115 (E.D. Pa. 1991) (in a case with multiple defendants, proper venue must be established as to each defendant); William W. Schwarzer, A. Wallace Tashima, James W. Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 4.7 (2018) ("[o]rdinarily, venue must be proper as to each defendant joined in the action").

[6] *Weedon v. Godlewski*, No. 13-7461, 2016 WL 538232, at *2 (E.D. Pa. Feb. 11, 2016) (citing 28 U.S.C. § 1404(a); *Jumara*, 55 F.3d at 879; *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)).

[7] *Id.* (citing *Jumara*, 55 F.3d at 879-80).

[8] *Jumara,* 55 F.3d at 879 (citations omitted).

3

difficulty in the two fora resulting from court congestion; (4) local interest in deciding controversies at home; (5) public policies of the fora; and (6) familiarity of the trial judge with the applicable state law in diversity cases.[9]

The analysis is "flexible and individuals," and we have "broad discretion in deciding a motion to transfer venue."[10]  Although we have broad discretion, we  must not grant a motion to transfer "without a careful weighing or factors favoring and disfavoring transfer."[11]

*This action could have been brought in the District of New Jersey.*

Before analyzing the *Jumara* factors, we must address whether this action "might have been brought" in the United States District Court for the District of New Jersey.[12]  Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[13]

Under Section 1391(c)(2), residency of a defendant "entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated" is deemed to be "in

---

[9] *Id.* (citations omitted).

[10] *Weedon*, 2016 WL 538232 at * 2 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

[11] *Id.* (citing *Shutte*, 431 F.2d at 24-25).

[12] 28 U.S.C. § 1404(a).

[13] 28 U.S.C. § 1391.

4

any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."[14]  Residency of a plaintiff is deemed to be "only in the judicial district in which it maintains its principal place of business."[15]

The first basis of venue under Section 1391(b)(1) is not met, as all defendants - Top Class and All-Tech – are not residents of New Jersey.  While All-Tech is a New Jersey limited liability company, Top Class is alleged to be a Pennsylvania corporation with its principal place of business in Philadelphia.[16]

The second basis of venue under Section 1391(b)(2) is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  We are addressing a coverage dispute over claims brought by a condominium association alleging construction defects in an underlying action pending in New Jersey. Both the property and the underlying lawsuit are in New Jersey.  Seneca's declaratory judgment action could have been brought in the District of New Jersey under Section 1391(b)(2).

*The private factors favor transfer.*

Applying the first factor, Seneca chose to file suit here, although it is a Delaware and New York citizen.  But we do not afford Seneca's choice of this District paramount deference when it

---

[14] 28 U.S.C. § 1391(c)(2).

[15] *Id.*

[16]  Amended Complaint at ¶ 9 (ECF Doc. No. 3).  Seneca alleges venue is proper in the Eastern District of Pennsylvania under Section 1391(b)(1) because Top Class "is a corporation that is deemed to reside within the judicial district of the Eastern District of Pennsylvania." Am. Compl. at ¶ 7 (ECF Doc. No. 3).  This is incorrect because Section 1391(b)(1) allows for venue in the Eastern District of Pennsylvania only *if all* defendants are residents of Pennsylvania.  All-Tech is not alleged to be a resident of Pennsylvania.

is not a citizen of this District.[17] Affording considerable weight to Seneca's choice of forum is less relevant here. Seneca contends its choice of forum weighs strongly in favor of keeping its case here in this District, citing *State Farm Fire and Cas. Co. v. Brighton Exteriors, Inc.*[18] This case is distinguishable. Top Class, the only party alleged to be in Pennsylvania, has not been served. All-Tech claims coverage under the Seneca policy through an agreement between All-Tech and Top Class containing a New Jersey choice of law provision. And Seneca ignores case authority – and not addressed in *Brighton Exteriors* – its choice of forum is not given "paramount deference" when it is not a citizen of this District.

The second factor considers the defendant's forum preference. Here, All-Tech prefers the District of New Jersey. A defendant's forum choice is "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another."[19] But considering the other factors described below, and because Seneca is not a citizen of this District, All-Tech's preference for the District of New Jersey weighs in favor of transfer.

The third factor considers whether the claim arose elsewhere. Seneca seeks a declaratory judgment it has no duty to defend or indemnify All-Tech in the underlying action brought by a condominium association against several defendants, including All-Tech, alleging construction defects at a condominium project in New Jersey. All-Tech contends it is named as an additional insured under Top Class's policy with Seneca, and the contract between All-Tech and Top Class has a choice-of-law and venue provision requiring disputes to be resolved in New Jersey. Seneca

---

[17] *Kiker v. SmithKline Beecham Corp.*, No. 14-1445, 2014 WL 4948624, at *4 (E.D.Pa. Oct. 1, 2014); *Weber v. Basic Comfort, Inc.*, 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001).

[18] No. 17-3905, 2019 WL 3995956 (E.D. Pa. Aug. 21, 2018).

[19] *EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005).

argues the third factor weights against transfer because the claim here is a coverage dispute under an insurance contract issued and delivered in Pennsylvania.

The fourth, fifth, and sixth factors consider the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses, but only to the extent the witnesses may be unavailable for trial; and the location of books and records. All-Tech asserts all the witnesses are located in New Jersey, including representatives of All-Tech, and the witnesses in the underlying action alleging damages as a result of the alleged construction defects; the construction site of the alleged construction defects is in South Brunswick, New Jersey and is over one hour and more than fifty miles from Philadelphia; any property inspections will be conducted in New Jersey; and all relevant documents are in New Jersey. All-Tech argues it would be inconvenient for any relevant witnesses, who live or reside in New Jersey, to travel for deposition or trial in Pennsylvania. All-Tech concludes there are no "active parties" – because Top Class has not been served – with any ties to this District.

Seneca argues the fourth factor – convenience of the parties as indicated by their relative physical and financial condition – does not weigh in favor of transfer because All-Tech provides no evidence its defense of this action here will require it to incur any significantly greater expense than if the action is transferred to the District of New Jersey. Seneca contends this is an insurance coverage action and "the need for fact witnesses is generally minimal" and there is no evidence any witnesses are "exclusively located in New Jersey." Similarly, Seneca argues the fifth private factor – convenience of the witnesses to the extent they may be unavailable for trial – "carr[ies] little weight" because the Court need only interpret the insurance contract, a legal issue, and it is unnecessary for non-party witnesses to attend trial here. Seneca argues the sixth private factor – the location of books and records – does not weigh in favor of transfer because All-Tech failed to

7

provide any information or reasons why any relevant documents are more difficult to obtain in Pennsylvania than in New Jersey.

On balance, the private factors weigh in favor of transfer to the District of New Jersey.

*The public factors favor transfer.*[20]

Applying the first public factor, the enforceability of a judgment in either United States District Court is a neutral factor. Seneca concedes this factor is neutral.

The second factor - practical considerations to make the trial easy, expeditious, or inexpensive - weighs in favor of the District of New Jersey where most of the witnesses are located. Seneca contends this factor weighs against transfer, but "at worst," is neutral, again arguing its claim here involves the interpretation of the Seneca policy issued in Pennsylvania to a Pennsylvania corporation and is a legal issue. Seneca denies there will be a need for non-party witnesses or property inspections of the condominiums in the underlying action. It further argues relevant documents are easily accessible by all parties, making the location in the Eastern District of Pennsylvania versus the District of New Jersey "no material difference." It argues transfer "would be futile."

The third factor - relative administrative difficulty in the two fora resulting from court congestion – are relatively equal. The District of New Jersey and this District are among the most efficient in moving civil matters in our most recent federal statistics as of December 31, 2018.[21] Seneca contends this factor is neutral.

---

[20] All-Tech does not argue the public factors favoring transfer. We are still vested "with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara*, 55 F.3d at 883.

[21] For the period ending December 31, 2018, the median time interval from filing to disposition of civil cases terminated for the District of New Jersey is 4.5 months while the Eastern District of Pennsylvania is 5.9 months. *See* https://www.uscourts.gov/statistics-reports at Table No. C-5.

Seneca argues the fourth factor – the local interest in decided local controversies at home – weighs against transfer because Pennsylvania has an interest in resolving a dispute over an insurance contract issued and delivered here. We disagree. There is no local interest in deciding this controversy, as any coverage dispute arises from the agreement between Top Class and All-State, which contains a New Jersey choice-of-law and forums selection clause. We are not reviewing a local controversy.

Seneca makes the same argument for the fifth factor - public policies of the fora – contending Pennsylvania has an interest in resolving an insurance dispute based on a policy issued here. We disagree. Pennsylvania has no party in this case. The sixth factor - the familiarity of the trial judge with the applicable state law in this diversity case – is neutral as judges in the District of New Jersey can apply Pennsylvania law, to the extent Pennsylvania law applies. We find the sixth factor neutral.

Most of the private and public factors strongly weigh in favor of transferring venue to the District of New Jersey. There is no compelling reason to maintain venue in this District simply because a Delaware and New York citizen wants to file here. There are no parties here. The only possible nexus to this District is the issuance of the insurance policy to Top Class whois not in this case. The underlying action, which informs the declaratory action's coverage issue, is in New Jersey. We transfer venue to the United States District Court for the District of New Jersey under 28 U.S.C. § 1404.

KEARNEY, J.